UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KIM HARVEY**, <br><br> Petitioner, <br><br> v. <br><br> **PATRICK WARREN**, <br><br> Respondent. | 2:20-cv-13206 <br><br> **OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE FOR A WRIT OF HABEAS CORPUS** |

Kim Harvey, ("Petitioner"), is presently confined at the Macomb Correctional Facility. He commenced this action by filing a "Motion to Stay and Abey Habeas Proceedings." (ECF No. 1.) This is not a valid means of commencing a habeas action, so the case will be summarily dismissed without prejudice.

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). Among other requirements, Rule 2 of the Rules Governing § 2254 Cases requires a habeas petitioner to specify all the

grounds for relief available to the petitioner and specify the facts supporting each ground. "Notice pleading" is not sufficient. *See* Adv. Comm. Notes to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

Petitioner's filing states that on or about November 9, 2020, he filed a petition for writ of habeas corpus with this Court. No such pleading has been received or docketed, and so the Clerk's Office filed the pleading as a new habeas case. The allegations in the motion, however, do not suffice to serve as a habeas petition. The pleading merely states that the unfiled petition raised one unidentified claim, and that Petitioner wishes to raise four additional identified unexhausted claims in the state courts. The allegations in the pleading do not comply with the requirements of Rule 2. The petition is therefore subject to summary dismissal without prejudice.

If Petitioner wishes to commence a federal habeas action, he may file a new case using the approved form which should be available in his institution's law library.

Finally, Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is not entitled to permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly, the Court 1) summarily **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED**.

Dated: March 23, 2021    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 23, 2021.

s/A. Chubb
Case Manager